IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.   Case No. 2:16cr6

ANTHONY L. BURFOOT

**DEFENDANT ANTHONY L. BURFOOT'S BRIEF IN SUPPORT OF RULE 33 MOTION FOR A NEW TRIAL ON ALL COUNTS OF CONVICTION FOR THE JURY'S FAILURE TO DELIBERATE FULLY AND TO FOLLOW THE JURY INSTRUCTIONS REGARDING DELIBERATIONS**

COMES NOW the defendant, Anthony L. Burfoot, by counsel, and as and for his Rule 33 Motion For A New Trial On All Counts Of Conviction For The Jury's Failure To Deliberate Fully And To Follow The Jury Instructions Regarding Deliberations, states the following in support thereof:

## FACTS

The trial of this matter required five weeks, comprised 91 witnesses (including 87 different individuals and 4 individuals who were called twice), over 270 exhibits (comprising approximately several thousand individual pages), one hour and 44 minutes of jury instructions, five hours of closing arguments, and 56 separate written jury instructions. Once receiving the instructions, exhibits, and verdict form, the jury deliberated approximately four hours and 50 minutes before reaching verdicts of guilty on six of eight counts.

The Court instructed the jury, *inter alia*, that the jury was expected to "consider all of the evidence in the case," to "carefully scrutinize all the testimony given," to "[c]onsider each witness's" credibility, and to engage in a "consideration of all the evidence in the case with your fellow jurors." (emphasis added).

Given the quantum of evidence, argument, and jury instructions in the case, as compared to the length of the deliberations prior to reaching guilty verdicts, the defendant

1

respectfully submits that it is a fair and circumstantial inference that the jury did not deliberate <u>fully</u> and did not follow the Court's instructions with regard to a consideration of <u>all</u> of the evidence.

For these reasons, the defendant respectfully submits that the verdicts of guilty are the result of a defective deliberation process, thereby requiring the Court to vacate the verdicts of guilty and grant the defendant a new trial thereon.

## ARGUMENT

It is axiomatic that a fundamental tenet of a defendant's right to a fair trial and an impartial jury under the Sixth Amendment of the United States Constitution is that a jury deliberate fully and follow the Court's instructions on such full deliberations. *See generally*, *United States v. Symington, 195 F.3d 1080, 1084-87 (9th Cir. 1999)* (discussing "allegations that a juror was unwilling or unable to apply the law as instructed by a judge."); *United States v. Thomas, 116 F.3d 606, 613-618 (2nd Cir. 1997)* (discussing "a juror…who refuses to follow the court's instructions on the law…")*;* and *United States v. Brown, 823 F.2d 591, 595-597 (D.C. Cir. 1987)*.

While each of the foregoing cases discusses a juror's duty to deliberate and to follow the Court's instructions of law during the deliberations in the context of jurors who were dismissed by Courts during the trials for alleged failure to properly deliberate or to follow the instructions, the defendant respectfully submits that the principles set forth and discussed in those cases apply with equal force to a jury that appears to fail to fully deliberate or to follow the Court's instructions on deliberations.

As pointed out above, in the instant case, the trial of this matter required five weeks, comprised 91 witnesses (including 87 different individuals and 4 individuals who were called twice), over 270 exhibits (comprising approximately several thousand individual

pages), one hour and 44 minutes of jury instructions, five hours of closing arguments, and 56 separate written jury instructions.

In particular, according to the official court reporter's notes, the Court read the jury instructions on Day 19 (December 8, 2016) from 9:03 a.m. to 10:47 a.m. (one hour and 44 minutes). Each side was allotted two and a half hours for closing arguments and each side took the full amount of their permitted time (slightly more than five hours, in fact).

Accordingly, it took over an hour and a half just to have the jury instructions read once without any discussion thereof; and over five hours for counsel merely to summarize weeks of testimony, 91 witnesses, and hundreds of exhibits.

The official court reporter's notes further indicate that on Day 20 (December 9, 2017), the jury entered the deliberation room at 11:03 a.m., but that the jury instructions, verdict form and actual exhibits were only received by them at 11:25 a.m. after counsel had been permitted an opportunity to review same one last time. Thus, for all intents and purposes, no effective deliberations could really have begun until 11:25 a.m.

At approximately 4:15 p.m., based upon counsel's recollection (since the official court reporter did not record this time), the Courtroom Deputy Clerk called counsel to advise that the jury had reached a verdict. It took some time to assemble all of the necessary persons, at which time the jury verdict was received in open Court at approximately 4:36 p.m.

Based on the foregoing, the jury effectively deliberated from 11:25 a.m. when it received instructions, the verdict form, and exhibits, until approximately 4:15 p.m., when it indicated it had reached a verdict, or approximately 4 hours and 50 minutes .This deliberation time does not take into account any bathroom breaks any juror may have taken, during which time deliberations would have to cease until the juror returned.  While no one

can say how many such breaks occurred, the defendant respectfully submits that it would certainly be reasonable to assume that during a multi-hour period, a number of people amongst a group of 12 would require a restroom break. This deliberation time also included some period during which the Court and jury considered a question from the jury.

The Court instructed the jury as follows:

> Both the parties and the public expect that <u>you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the judge,</u> and reach a just verdict regardless of the consequences.
> <u>The evidence in the case consists of the sworn testimony of the witnesses</u>... <u>and all exhibits</u> received in evidence...

(*Jury Instruction No. 2*, second and third paragraphs) (emphasis added).

The Court also instructed the jury as follows:

> <u>You should carefully scrutinize all the testimony given</u>, the circumstances under which <u>each witness</u> has testified... Consider each witness's intelligence, motive, state of mind, and demeanor and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation <u>each witness</u> may bear to either side of the case... and the extent to which, if at all, <u>each witness</u> is either supported or contradicted by other evidence in the case.

(*Jury Instruction No. 6*, second paragraph) (emphasis added).

Likewise, the Court instructed the jury that, "Each of you must decide the case for yourself, but only after an impartial consideration of <u>all the evidence</u> in the case with your fellow jurors." (*Jury Instruction No. 56*, second paragraph) (emphasis added).

A fair reading of these jury instruction excerpts clearly reveals that the jury was instructed to discuss and consider carefully and impartially <u>all</u> of the evidence, consisting of each of the 91 witnesses and hundreds of exhibits, with each other, before reaching a verdict.

4

However, based on the sheer quantity of evidence alone, the length of time required to read the jury instructions once, and the length of time that it required the parties merely to summarize key points of the evidence alone (cumulatively over 6 hours and 40 minutes), the defendant respectfully submits that it is clear that a jury simply could not fully deliberate in the fashion it was instructed in 4 hours and 50 minutes. Thus, the defendant respectfully submits that a fair and circumstantial inference from the foregoing facts and circumstances is that the jury failed to deliberate fully or to follow the Court's instructions regarding such full deliberations, in reaching their verdicts of guilty.

Accordingly, the defendant respectfully submits that the guilty verdicts are defective, that they must be vacated by the Court, and that a new trial must be ordered thereon.

## CONCLUSION

For the foregoing reasons, the defendant respectfully submits that Rule 33 requires the entry of an Order vacating the guilty verdicts and ordering a new trial.

ANTHONY L. BURFOOT
By: /s/
Of counsel

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 801
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to:

Melissa E. O'Boyle, Esquire
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6689
Email: Melissa.OBoyle@usdoj.gov

                                                              /s/
                                         Andrew M. Sacks, Esquire

Andrew M. Sacks, Esquire, VSB#: 20082
Stanley E. Sacks, Esquire, VSB# 04305
Attorneys for defendant Anthony L. Burfoot
SACKS & SACKS, P.C.
Town Point Center
150 Boush Street, Suite 801
Norfolk, VA 23510
Telephone: (757) 623-2753
Facsimile: (757) 274-0148
E-mail: andrewsacks@lawfirmofsacksandsacks.com

F:\JC\BURFOOT Anthony\BRIEF.MOT.NewTrialJury.1 11 17.docx